## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Oct 25 2016, 7:31 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Donald C. Swanson, Jr.
Deputy Public Defender
Fort Wayne, Indiana

ATTORNEYS FOR APPELLEE

Gregory F. Zoeller
Attorney General of Indiana

Paula J. Beller
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Mark A. Dickmeyer,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff.*

October 25, 2016

Court of Appeals Case No.
02A03-1604-CR-851

Appeal from the Allen Superior Court

The Honorable Wendy W. Davis, Judge

Trial Court Cause No.
02D04-1510-F6-1030

**Pyle, Judge.**

# Statement of the Case

[1] Mark A. Dickmeyer ("Dickmeyer") appeals the sentence imposed by the trial court following his guilty plea to Level 6 felony residential entry.[1] Dickmeyer argues that his two-year sentence is inappropriate. Concluding that Dickmeyer has failed to show that his sentence is inappropriate, we affirm his sentence.

[2] We affirm.

# Issue

Whether Dickmeyer's sentence is inappropriate pursuant to Indiana Appellate Rule 7(B).

# Facts

[3] On October 25, 2015, Dickmeyer broke and entered the house of Kevin Patterson ("Patterson"). The State charged Dickmeyer with Level 6 felony residential entry. On February 16, 2016, Dickmeyer pled guilty as charged without a plea agreement.

[4] At Dickmeyer's sentencing hearing, he stated that he was an alcoholic and had been attending Alcoholics Anonymous for ten years. He also stated that he had "a problem with narcotics[.]" (Sent. Tr. 9). Dickmeyer claimed that he had "no memory" of breaking into Patterson's house because he had been drinking

---

[1] IND. CODE § 35-43-2-1.5.

and "went into a black out[.]" (Sent. Tr. 7). He also stated that most of his prior offenses were either alcohol or drug related.

[5] When sentencing Dickmeyer, the trial court stated, in relevant part:

> [A]s I look back on this matter, I see Mr. Dickmeyer as comprehensively outlined by the State not really honest to the Court this morning . . . I don't see a lot of remorse this morning. He's not even taking responsibility for breaking into a homeowner's home. He's saying that he blacked out and doesn't remember it, but I'm sure during the plea all of his rights were given, and he made a factual basis. So since that time, I guess he's changed his tune a little bit now that we are at sentencing. I note that [Dickmeyer] has one juvenile delinquency, as an adult he has five prior misdemeanor convictions, seven prior confirmed felony convictions, and as outline by the State, he's been convicted of burglary twice, robbery twice, theft twice, and possession of a controlled substance. His prior criminal history concerns me greatly. I also take the facts and circumstances, in this case, and show that they are quite aggravating as I believe the homeowner was, if I read this right, he was sleeping. . . . That's one of the worst nightmares I think anybody in their own home could face when sleeping. I'll show prior attempts of rehabilitation have failed. His risk to reoffend, obviously, is at high risk.

(Sent. Tr. 14-15). Thereafter, the trial court imposed a two (2) year sentence to be executed at the Department of Correction.[2] Dickmeyer now appeals.

---

[2] The trial court informed Dickmeyer that he would likely serve his sentence at the Allen County Jail and told him that he should sign up for the jail's "fantastic substance abuse program[.]" (Sent. Tr. 18).

# Decision

[6] Dickmeyer argues that his two-year sentence was inappropriate "in light of his remorse and acceptance of responsibility." (Dickmeyer's Br. 8). He contends that this Court should revise his sentence to an advisory sentence of one year.

[7] We may revise a sentence if it is inappropriate in light of the nature of the offense and the character of the offender. Ind. Appellate Rule 7(B). The defendant has the burden of persuading us that his sentence is inappropriate. *Childress v. State*, 848 N.E.2d 1073, 1080 (Ind. 2006). The principal role of a Rule 7(B) review "should be to attempt to leaven the outliers, and identify some guiding principles for trial courts and those charged with improvement of the sentencing statutes, but not to achieve a perceived 'correct' result in each case." *Cardwell v. State*, 895 N.E.2d 1219, 1225 (Ind. 2008). Whether a sentence is inappropriate ultimately turns on "the culpability of the defendant, the severity of the crime, the damage done to others, and a myriad of other factors that come to light in a given case." *Id.* at 1224.

[8] When determining whether a sentence is inappropriate, we acknowledge that the advisory sentence "is the starting point the Legislature has selected as an appropriate sentence for the crime committed." *Childress*, 848 N.E.2d at 1081. Here, Dickmeyer pled guilty to Level 6 felony residential entry. A Level 6 felony has a sentencing range of six (6) months to two and one-half (2½) years with an advisory sentence of one (1) year. I.C. § 35-50-2-7(b). The trial court imposed a two (2) year sentence.

[9]     The nature of Dickmeyer's offense involved breaking and entering the home of the victim, who was sleeping at the time. The probable cause affidavit attached to the presentence investigation report ("PSI") reveals that the victim woke up after hearing Dickmeyer in the house and then yelled at Dickmeyer, who fled by crawling out a window.

[10]    Turning to Dickmeyer's character, we acknowledge that he pled guilty. However, as the trial court noted, Dickmeyer did not fully accept responsibility and, instead, offered his drinking as an excuse for his offense. He has a history of alcohol and drug abuse. Dickmeyer told the trial court that his criminal history was mainly alcohol related and failed to acknowledge his prior burglary, robbery, and theft convictions. At the time of sentencing, Dickmeyer was fifty-six years old and had amassed seven felony convictions, including two burglary convictions, two robbery convictions, two theft convictions, and one possession of a controlled substance conviction. He also had five prior misdemeanor convictions (including two convictions for criminal conversion, two operating while intoxicated convictions, and one public intoxication conviction) and a juvenile delinquency adjudication (which would have been 1st degree burglary if committed by an adult).[3] Additionally, the PSI reveals that Dickmeyer was on parole from two separate theft convictions at the time of this current offense.

---

[3] The juvenile adjudication occurred in 1977.

The record before us reveals that Dickmeyer has a disregard for the law and has failed to reform.

[11] Dickmeyer contends that the trial court should have placed him in the Hope Probation Program. The trial court, however, specifically addressed and denied that request at sentencing, explaining that "the thing about HOPE probation is that I have to have people before me that take responsibility constantly, that don't lie, that take responsibility, [and] that really, really want to get help[.]" (Sent. Tr. 15-16).

[12] Dickmeyer has not persuaded us that his two-year sentence for his Level 6 felony residential entry conviction is inappropriate. Therefore, we affirm the trial court's sentence.

[13] Affirmed.

Bradford, J., and Altice, J., concur.